UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. O'NEILL, et al.,<br><br>　　　　　Defendants. | CASE NO. C13-0197JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theiler (R&R (Dkt. # 19)), and Plaintiff Terrance Jon Irby's objections thereto (Objections (Dkt. # 24)). Magistrate Judge Theiler recommends dismissing Mr. Irby's 42 U.S.C. § 1983 action because the relief Mr. Irby seeks is barred by *Younger v. Harris*, 401 U.S. 37 (1971), which establishes an abstention doctrine prohibiting federal courts from interfering with ongoing state criminal prosecutions. Having carefully reviewed all of the foregoing, along with all other relevant documents,

ORDER- 1

and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 19) and DISMISSES Mr. Irby's complaint without prejudice.

## I.   BACKGROUND

In this case, Plaintiff Mr. Irby asks the court for relief from constitutional violations that he claims are occurring in a criminal prosecution against him in Skagit County Superior Court. Mr. Irby was convicted by a jury of first degree murder with aggravating circumstances, first degree felony murder, and first degree burglary. *See State v. Irby*, 246 P.3d 796 (Wash. 2011). He appealed his conviction and successfully had it overturned because, during his trial, the court, the prosecutor, and Mr. Irby's attorney violated Mr. Irby's constitutional right to be present by exchanging emails about jury selection in his absence. *Id.* at 798. The Washington State Supreme Court reversed Mr. Irby's conviction and granted a new trial. *Id.* In this federal court action, Mr. Irby alleges that, in the proceedings leading up to his new trial, he has been treated unfairly and denied due process of law. Thus, Mr. Irby asks the court to step in and enjoin violations of his constitutional rights in the state proceeding.

This is the second time this case has been before the court on an R&R recommending it be dismissed. The first time, Magistrate Judge Theiler recommended dismissing the case under *Heck v. Humphrey*, 512 U.S. 477 (1994), which establishes that a 42 U.S.C. § 1983 complaint cannot be used as a collateral attack on an otherwise-valid state court conviction. The court referred the matter back to Magistrate Judge Theiler in light of the fact that Mr. Irby's conviction was no longer valid after it was reversed. (2/27/2013 Order (Dkt. # 18).) Magistrate Judge Theiler then issued this R&R.

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Irby is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III. DISCUSSION

Mr. Irby's objections to Magistrate Judge Theiler's R&R are lengthy and cite many cases, but none of his arguments engage the principle flaw at the core of this case: that federal courts are not permitted to interfere in ongoing state criminal prosecutions under the *Younger* doctrine. As Magistrate Judge Theiler made clear, *Younger* abstention is mandatory if (1) a state-initiated criminal proceeding is ongoing; (2) the proceeding involves important state interests; (3) the plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal action would enjoin the

state proceeding. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

All of these conditions are met here, so *Younger* abstention is mandatory. Mr. Irby's objections provide no basis for believing that *Younger* abstention does not apply; indeed, Mr. Irby does not engage Magistrate Judge Theiler's reasoning regarding *Younger* in any meaningful way. The court's determination with respect to *Younger* disposes of the case.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 19) in its entirety;

(2) The court DISMISSES Mr. Irby's complaint (Dkt. # 8.) without prejudice. This dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g);

(3) The court DIRECTS the Clerk to send copies of this Order to Mr. Irby, to counsel for respondent, and to Magistrate Judge Theiler; and

(4) The court denies as moot all other pending motions in this case (Dkt. ## 12, 25, 26, 27).

Dated this 11th day of March, 2013.

JAMES L. ROBART
United States District Judge